UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MARIA CAMPANELLI,

          Plaintiff,

      -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER PAUL
SIMONETTI,  POLICE OFFICER KOEHLE,
POLICE OFFICER ADAMSKI, LIEUTENANT
JASON MUCHOW  AND POLICE OFFICERS
JOHN DOES 1-10 AND JANE DOES 1-5

          Defendants.

---------------------------------------------------------------x

**DOCKET NO.:**

**COMPLAINT**

      Plaintiff, MARIA CAMPANELLI, by and through her attorneys, THE LAW OFFICES OF FREDERICK K. BREWINGTON, as and for her Complaint, against the DEFENDANTS herein, states and alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     This is a civil action seeking monetary relief, a declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff's Civil rights violations, both Federal and State, assault, battery, seizure, abuse of process, excessive and unreasonable force, false arrest, failure to intervene, malicious prosecution, mental abuse, discrimination, recklessness, carelessness, negligence, intentional actions to inflict emotional distress, negligent infliction of emotional distress, of MARIA CAMPANELLI, deprivation of freedom, violation of the civil rights of MARIA CAMPANELLI, and infliction of mental and emotional harm, conducted with malicious intent and/or caused by negligence, and the

negligent hiring and negligent supervision, negligence, recklessness, intentional and careless actions of the COUNTY OF NASSAU, its agents and employees , and the NASSAU COUNTY POLICE DEPARTMENT, its agents and employees.

2. Plaintiff was maliciously and falsely subjected to extreme and violent force, and physically extricated, falsely detained without cause or legal authority, and thereby suffered injury to her body as well as her mental and emotional state. Plaintiff was illegally subjected to excessive use of physical force by OFFICER SIMONETTI who grabbed, yanked plaintiff's arms forcing them around her body, forcefully pushing and pulling plaintiff, and forcefully ejected, humiliated, verbally abused, threatened, disrespected, defamed and harassed her, without cause or reason, while Plaintiff was engaged in her constitutional right to present a lawful public comment during a Nassau County Legislative meeting, the Defendant County's agencies, agents and employees knew that there was no merit to their actions and failed to intervene or take action to prevent the institution and the continuance of the assault, battery, seizure, abuse of process, excessive and unreasonable use of force, false arrest, failure to intervene, malicious prosecution, mental abuse, discrimination, recklessness, carelessness, negligence, intentional actions to inflict emotional distress, negligent infliction of emotional distress, upon MARIA CAMPANELLI, deprivation of freedom, violation of the civil rights of MARIA CAMPANELLI, and infliction of mental and emotional harm, conducted with malicious intent and/or caused by negligence, that such use of force and touching of both the person and property of Plaintiff was malicious, and unfounded, and that the violations of MARIA CAMPANELLI's civil rights, their assault, battery, seizure, abuse of process, excessive and unreasonable force, false arrest, failure to intervene, malicious prosecution,

mental abuse, discrimination, recklessness, carelessness, negligence, intentional actions to inflict emotional distress, negligent infliction of emotional distress, of MARIA CAMPANELLI, deprivation of freedom, violation of the civil rights of MARIA CAMPANELLI, by County employees was illegal brought pursuant to 42 U.S.C. § 1981, 1983, the 1st, 4th, 5th and 14th Amendments to the United States Constitution and New York State Law and deprived Plaintiff of rights secured by the Constitution and laws of the United States.

3. Plaintiff alleges that defendant POLICE OFFICERS, including, but not limited to, POLICE OFFICER SIMONETTI, OFFICER KOEHLE, OFFICER ADAMSKI, SERGEANT MUCHOW AND POLICE OFFICERS JOHN DOES 1-10 AND JANE DOES 1-5 (Collectively "Defendant Officers" or "Police Officers", abused their authority, engaged in unreasonable and excessive use of force, assaulted, battered, falsely accused, and defamed, MARIA CAMPANELLI, all in violation of her constitutional and civil rights. Plaintiff alleges that the arrest was made in an attempt to justify the flagrantly improper and unjustified conduct of Defendant POLICE OFFICERS.

4. Plaintiff alleges that DEFENDANTS NASSAU COUNTY, and NASSAU COUNTY POLICE DEPARTMENT were negligent in training, hiring and supervising Defendant Officers, thus leading to the unjustified excessive use of force, assault, defamation and other violations of MARIA CAMPANELLI. Plaintiff alleges that the treatment afforded her was unreasonable, improper, unauthorized and abusive and that all actions taken thereafter were done in an attempt to justify the flagrantly improper and unjustified conduct of Defendant POLICE OFFICERS.

5. DEFENDANTS POLICE OFFICER SIMONETTI, POLICE OFFICER KOEHLE, POLICE OFFICER ADAMSKI, LIEUTENANT MUCHOW, and POLICE OFFICERS JOHN DOES 1-10 AND JANE DOES 1-5, without probable cause, justification, or any reason except an intent to deprive Plaintiff of her rights, and her knowledge that their conduct has the tacit authorization of NASSAU COUNTY, and NASSAU COUNTY POLICE DEPARTMENT, excessively used force against Plaintiff. Said use of unjustified force upon Plaintiff deprived her of her bodily security and integrity and violated their civil and constitutional rights. Defendants responded to a request by the Presiding Officer Howard J. Kopel of the Nassau County legislature to remove an unruly speaker, a citizen who is not the Plaintiff. Defendants proceeded to unlawfully suspect plaintiff was the 'unruly speaker' and restrain her without disclosing why Plaintiff was being forcefully detained. Defendants did not have any justification to invoke unnecessary force toward the plaintiff forcing her arms behind her back.

6. Plaintiff alleges that NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT and Defendant Officers are liable for the assault, battery, excessive force, defamation, and violation of other rights because the NASSAU COUNTY, and NASSAU COUNTY POLICE DEPARTMENT has abused, condoned, and permitted a pattern of abuse of process of civilian persons, and has failed to properly investigate such incidents and discipline the officers involved. The narratives from the officers on the scene were inconsistent with the injuries to Plaintiff, who was forcibly grabbed, and unnecessarily constricted by Defendant POLICE OFFICER SIMONETTI and supported by the other Defendant Officers. Additional

officers arrived and witnessed POLICE OFFICER SIMONETTI executed excessive force attempting to restrain the Plaintiff that they ultimately fell towards the ground causing their head to be slammed into the ground due to the excessive force of OFFICER SIMONETTI.

7. As a result police officers including these DEFENDANTS (collectively and individually) were deliberately indifferent to the rights of Plaintiff and the need to train Officers of the NASSAU COUNTY, and NASSAU COUNTY POLICE DEPARTMENT. Police Officers, including these DEFENDANTS, are encouraged to believe that they could violate the rights of persons, such as the Plaintiff, with impunity, and that the COUNTY OF NASSAU, and NASSAU COUNTY POLICE DEPARTMENT has, and will, continue to act in violation of an individual's rights, constituting through their actions and failures a policy and/or pattern.

8. As a result of the DEFENDANTS' actions (or lack thereof), Plaintiff suffered physical pain and suffering, was caused to undergo medical treatment for multiple serious physical injuries that they sustained at the hands of DEFENDANTS. As a result of their use of excessive force, Plaintiff incurred significant impact on her life and health, costs and expenses due to the DEFENDANTS' actions, including but not limited to: being subjected to the Criminal Justice System, Traumatic Brain Injury, concussion, injuries to their neck, bruising under the chin, injuries to her legs and knees and being manhandled during unlawful abuse, dehydration, physical pain, embarrassment, mental pain and suffering, emotional distress, incarceration, damage to name and reputation and other serious physical injuries, medical bills, loss of potential employment, loss of full use of her bodily parts, limitations in physical capabilities, pain, and other costs/expenses.

9.

**JURISDICTION AND VENUE**

10.     This action is brought pursuant to 42 U.S.C. § 1981, 1983, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341 (3) & (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

11.     Venue herein is proper under 28 U.S.C. § 1391(b); the cause of action arose in the Eastern District of New York, and upon information and belief, all of the parties reside in or are located in either Suffolk or Nassau County.

12.     That prior hereto Plaintiff, in conjunction with her State claims, filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq.

13.     That more than 30 days have elapsed and DEFENDANTS have failed and refused to pay or adjust same.

**PARTIES**

14.     During all times mentioned in this Complaint, the Plaintiff MARIA CAMPANELLI (hereinafter "Plaintiff") was and still is a citizen of the United States, residing in the County of Suffolk, State of New York.

15.     DEFENDANT, NASSAU COUNTY (hereinafter referred to as "COUNTY") was and is a duly constituted municipal corporation of the State of New York existing and operating under and by the virtue of the laws of the State of New York.

16.     DEFENDANT NASSAU COUNTY POLICE DEPARTMENT (hereinafter "POLICE DEPARTMENT" or "NCPD") is an agency of NASSAU COUNTY.

17. DEFENDANT POLICE OFFICER PAUL SIMONETTI,(hereinafter referred to as"DEFENDANT SIMONETTI") was at all times herein mentioned a police officer, employed by the COUNTY and POLICE DEPARTMENT under the direction of the COUNTY and POLICE DEPARTMENT, and DEFENDANT SIMONETTI was acting in furtherance of the scope of his employment, acting under color of law, to wit under color of statues, ordinances, regulations, polices, customs and usages of the State of New York and/or the COUNTY and POLICE DEPARTMENT.

18. DEFENDANT POLICE OFFICER KOEHLE,(hereinafter referred to as"DEFENDANT KOEHLE") was at all times herein mentioned a Police Officer, employed by the COUNTY and POLICE DEPARTMENT under the direction of COUNTY and POLICE DEPARTMENT, and DEFENDANT KOEHLE was acting in furtherance of the scope of his employment, acting under color of law, to wit under color of statues, ordinances, regulations, polices, customs and usages of the State of New York and/or the COUNTY and POLICE DEPARTMENT.

19. DEFENDANT POLICE OFFICER ADAMSKI,(hereinafter referred to as"DEFENDANT ADAMSKI", was at all times herein mentioned a police officer, employed by the COUNTY and POLICE DEPARTMENT under the direction of COUNTY and POLICE DEPARTMENT, and DEFENDANT ADAMSKI was acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statues, ordinances, regulations, polices, customs and usages of the State of New York and/or the COUNTY and POLICE DEPARTMENT.

20. DEFENDANT POLICE OFFICER JOHN DOES 1-10 AND JANE DOES 1-5(hereinafter referred to as "DEFENDANT OFFICERS"), were at all times herein mentioned police officers, employed by the COUNTY and POLICE DEPARTMENT under the direction of COUNTY and POLICE DEPARTMENT, and DEFENDANT OFFICERS were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY and POLICE DEPARTMENT. The names of the officers in this case have yet to be provided by DEFENDANTS, despite requests having been made for their release and identification.

21. DEFENDANT LIEUTENANT JASON MUCHOW (hereinafter referred to as "LIEUTENANT MUCHOW") was, at all times herein mentioned, a supervising member of the NCPD, employed by the COUNTY and POLICE DEPARTMENT under the direction of COUNTY and POLICE DEPARTMENT, and DEFENDANT LIEUTENANT JASON MUCHOW was acting in furtherance of the scope of his employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY and NCPD.

22. Upon information and belief, that all times hereinafter mentioned, and at the time of the commencement of this action, the DEFENDANT OFFICERS, SIMONETTI, KOEHLE, ADAMSKI, and LIEUTENANT MUCHOW were, and are, citizens and residents of the State of New York.

23. That DEFENDANT COUNTY was and is the employer of members of the NCPD.

24. That DEFENDANT OFFICERS, SIMONETTI, KOEHLE, ADAMSKI and LIEUTENANT

MUCHOW were, upon information and belief, all Caucasian persons and were state actors on August 5th, 2024 and continued to be so thereafter.

25. That on August 5th, 2024, DEFENDANT OFFICERS, SIMONETTI, KOEHLE, ADAMSKI and LIEUTENANT MUCHOW were Nassau COUNTY Police Officers, employed by DEFENDANT COUNTY, and acted as agents of DEFENDANT COUNTY.

26. At all times relevant in this Complaint, and upon information and belief, DEFENDANT OFFICERS served as the complaining witnesses against Plaintiff in criminal proceedings, and served as the source of information to the District Attorney's Office, supplying allegations and claims against the plaintiff which were false.

27. During all times mentioned in this complaint, the DEFENDANTS were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the COUNTY OF NASSAU.

28. During all times mentioned in this complaint the DEFENDANTS and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

29. Each of the DEFENDANTS at all times relevant to this action had the power and the duty to restrain the other DEFENDANTS and prevent them from violating the law and the rights of the plaintiff but each of the DEFENDANTS failed and refused to perform that duty, failed

and refused to restrain the other DEFENDANTS and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the Plaintiff.

## FACTUAL BACKGROUND

30. On August 5th, 2024, at or about 6:30 p.m. the plaintiff was lawfully attending a legislative meeting for Nassau County individually to make a public comment on the socioeconomic matters being uncovered through the legislature. Plaintiff, who is disabled, wore an N95 mask while peacefully attending a Nassau County Legislature meeting. While Plaintiff stood during a recess of the Legislature meeting, SIMONETTI was allegedly responding to removal of an 'unruly speaker' whom the Defendants presumed to be the Plaintiff. Plaintiff was approached by SIMONETTI, who demanded that Plaintiff to take a seat and in response, Plaintiff declined. After declining to take a seat as Plaintiff did not exercise any action other than lawfully exiting the meeting due to a called recess, SIMONETTI aggressively, unnecessarily and forcibly seized Plaintiff.

31. At about 6:30 p.m. Plaintiff was attending a legislative meeting that moved into recess. While attempting to get up, when she turned, looking over their shoulder she observed multiple people exiting their seats due to the recess of the meeting when suddenly she was approached by SIMONETTI who demanded plaintiff to sit down. Plaintiff questioned why she needed to take a seat. Without response, SIMONETTI aggressively, unnecessarily and forcibly seized plaintiff about their body.

32. There was no question that throughout that day on August 5th, 2024, in the early evening hours in Mineola, Plaintiff was serving the purpose of representing herself at the legislative meeting, individually, to make a public statement to the seated legislature, without interfering

with the schedule and scope of the meeting, was there any indication that Plaintiff would be physically removed from the meeting. She sat patiently waiting to present her statement publically to the seated bench during which the same bench called a recess for the legislative meeting.

33. SIMONETTI then stepped forward long after Plaintiff had emerged from her seat for recess, and rudely ordered plaintiff to remain in their seat when Plaintiff got in close proximity to SIMONETTI. Plaintiff then asked, "Why?" SIMONETTI's immediate reaction to plaintiff's question, with no verbal response, was to forcefully, aggressively, unnecessarily and forcibly seize plaintiff.

34. Plaintiff was then swarmed by DEFENDANT OFFICERS. In the police narrative the Defendants falsely allege that , "*While responding, several other meeting attendees exited their seats and began to yell and shout. The defendant now known to Officers as Maria Campanelli (12/21/97) did exit her seat and attempt to place herself between Officers and the initial subject which was requested to be removed. Officer Simonetti gave the defendant multiple lawful orders first stay in her seat and not interfere. When the defendant did not comply Officer Simonetti did give more lawful orders to the defendant to exit the building to which the subject did refuse. The actions of the defendant and the speaker did interfere with the normal government operations and forced legislatures to stop the meeting. Officer Simonetti and Koehle did take custody of the defendant to escort her from the premises. At which point the defendant did pull away from Officers, drop her body weight and attempt to pull her arms away from Officers.*"

35. At no point in the scope of their training were the defendants required to apprehend a citizen

lawfully exiting a meeting, especially as the initial 'unruly speaker' identified in the narrative as 'Kiana,' was in fact not the Plaintiff. From entering the Legislative meeting until the unlawful apprehension of the Plaintiff, the Plaintiff had no association with the alleged 'unruly speaker,' now known as Kiana.

36. Then suddenly without warning, permission or further conversation, at the same time grabbed plaintiff by both of their arms, used extreme force and yanked Plaintiff until Plaintiff was thrown face first onto the ground. The velocity of the take down with SIMONETTI's weight caused Plaintiff's head to be slammed onto the floor. At no point did Plaintiff drop her body weight, she was forced to the ground due to the velocity of SIMONETTI's weight upon the unlawful seizure of Plaintiff.

37. At no time did Plaintiff do anything or take any action which warranted the use of physical force or would provide any officer with the right to place his hands on Plaintiff, no less verbally abuse her and engage in action or behavior beyond what would be expected of a reasonable police officer. In fact, Plaintiff was exiting the building due to the recess, a formal break during which the legislative meeting Plaintiff was attending was not in session. Upon exiting the meeting, Plaintiff did not receive multiple lawful orders to stay in her seat and not interfere as the Defendant's have stated in their narrative. At no point during the unlawful arrest was Plaintiff the initial disorderly subject constituting unruly speaking, she was a citizen exercising her lawful right to exit the said legislative meeting due to recess.

38. At that time, Plaintiff felt a sudden jolt and her head hit the ground feeling immediate pain on or about her whole body from the force of the impact of SIMONETTI's unlawful take down. Plaintiff felt her whole body crushed and was pulled so hard and with so much force

that Plaintiff's body was swallowed by the ground due to defendants forceful, unnecessary and unlawful seizures, as SIMONETTI continued to use great force hold her arms. DEFENDANT OFFICERS stood by while their brother in arms forcibly held down the wrong 'unruly speaker.'

39. Plaintiff then fearing for her safety and well being, after being suddenly without cause, grabbed, restrained and forcefully pushed by the Defendants to the ground. Then SIMONETTI, with the assistance of KOEHLE, OFFICER ADAMSKI, AND SERGEANT MUCHOW proceeded to yank and lift Plaintiff by her arms and legs off of the floor and out of the legislative meeting. Plaintiff made several attempts to communicate with the defendants to place her on the ground because Plaintiff felt them pulling her skirt down, and exposing her private areas in the middle of a public street.

40. After Plaintiff was fully uprooted from the floor, she continued to be restrained by SIMONETTI and KOEHLE, despite requesting numerous times to be let down as her undergarments were being exposed due to the aggressive and unlawful seizure taken by the defendants, her pleas went unheard. During this unlawful procedure, the defendants never disclosed to the Plaintiff why she was being removed from the legislative meeting. Plaintiff was simply exiting the building lawfully as the recess began, she did not attempt to place herself in between the defendants. Plaintiff did not stop the legislature meeting, she was not the 'unruly speaker' in question, it was known to both parties that the 'unruly speaker' was Kiana. The DEFENDANT's SIMONETTI and KOEHLE abused their authority, engaged in unreasonable and excessive use of force, assaulted, battered, falsely accused and defamed, Plaintiff, violating her constitutional and civil rights

41.   Plaintiff, in shock, fear and embarrassment, pleaded numerous times to be allowed to walk on their own, DEFENDANT'S SIMONETTI and KOEHLE continued to have a tight hold on their arms. Plaintiff then proceeded to be assaulted, unlawfully detained and dragged out of the legislature meeting, when suddenly the grip from DEFENDANT SIMONETTI pierced Plaintiff's arm, causing her to fall forward. Due to the excessive grip by DEFENDANT SIMONETTI, he fell on top of Plaintiff, he did not receive an intentional trip from the Plaintiff as he and KOEHLE falsely stated in their narrative.

SIMONETTI: "I *began to escort a disorderly female subject from the building. While doing so, she stuck her leg out to the side, tripping me and causing me to fall forward to the ground*."

KOEHLE: "*Several other individuals became aggressive and disorderly. I saw Officer Simonetti removing a disorderly female and began assisting him. We were moving the female to the exit when I saw her stick out her leg in front of Officer Simonetti causing him to fall to the ground*."

42.   There was no reason or rationale to abuse Plaintiff verbally and to exert physical force and seize Plaintiff without speaking with the Plaintiff to reason through and fairly address that she was lawfully exiting the building and was in fact **not** the 'unruly speaker' DEFENDANT OFFICERS were requested to look for and remove from the legislative meeting.

43.   Had Plaintiff not been a gender neutral person, and had been a cisgender woman, she would not have been subjected to the force used against her and SIMONETTI and KOEHLE would not have felt free and empowered to place their hands on the plaintiff constricting her arms behind her back, and the use extreme force with the help of ADAMSKI and SERGEANT MUCHOW constricting her feet and carrying her out of the legislative meeting.

44. There is no question that DEFENDANTS SIMONETTI used force against Plaintiff by physically grabbing, yanking, falling on top of, dragging, pulling and pushing her. Upon information and belief, these uses of force were not promptly reported in sequential occurrence and were not documented as required by the NCPD, instead, SIMONETTI as stated by SEARGENT MUCHOW within his narrative stated, "PO Simonetti also fell after he became entangled with her," the Plaintiff never deliberately suck her foot out to intentionally make SIMONETTI fall on top of the Plaintiff. Instead, SIMONETTI suppressed the severity of his unlawful removal, use of unreasonable and excessive force of the Plaintiff within his narrative in attempt to bend the law within his abusive arm of authority.

45. There is no question that DEFENDANTS SIMONETTI and KOEHLE abused their authority, engaged in unreasonable and excessive force, assaulted, battered, falsely accused, and defamed the Plaintiff all in violation of her constitutional rights.

46. At the time of DEFENDANT SIMONETTI'S fall onto the Plaintiff, there were several witnesses to this occurrence. He stated in the narrative of DEFENDANT KOEHLE, " I was working with several other officers including Officer Paul Simonetti." There were several officers who responded to the incorrect 'unruly speaker,' knowing there was no merit to their actions and failed to intervene or to take action to prevent the institution and the continuance of assault to the Plaintiff. Within SERGEANT MUCHOW's narrative confirms that he witnessed while being assigned to the Third Precinct Patrol Supervisor for Detail 210-24 at the Nassau County Legislature Building, he witnessed a citizen begin to cause a disturbance at the meeting and refused to leave the podium, Nassau County Legislature Kopel then announced to remove the speaker from the podium. The defendants proceeded to suspect

Plaintiff as the 'unruly speaker' without clarifying with the Legislature who requested the removal as to who was the 'unruly speaker' in question.

47.    As of the filing of this lawsuit, Plaintiff has yet to receive any response specifically addresses the request that DEFENDANTS please advise us what type of procedures, policies, and training requirements are in place to address the use of police department issued.

48.    DEFENDANTS NASSAU and NCPD have a history and practice of refusing and failing to address the wrongful acts of the members of NCPD which are complained about by civilians.

49.    Plaintiff sustained multiple serious injuries including, but not limited to:

• Being subjected to the Criminal Justice System;

• Traumatic Brain Injury;

• Concussion;

• Injuries to her neck;

• Bruising under the chin;

• Injuries to her legs and knees;

• Being manhandled during the unlawful abuse;

• Dehydration;

• Physical pain;

• Embarrassment;

• Mental pain and suffering;

• Emotional distress;

• Incarceration;

• Damage to name and reputation;

- Court fees;

- Legal fees and costs;

medical costs/fees, and other monetary damages due to the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER PAUL SIMONETTI, POLICE OFFICER KOEHLE, OFFICER ADAMSKI, SERGEANT MOCHOW AND POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5's violations of Plaintiff's various rights.

50. All of these rights are secured to Plaintiff by the provisions of the First Amendment, the Due Process clause of the Fifth and Fourteen Amendments to the Constitution of the United States, as well as the equal protection clause, the Fourth Amendment and by 42 §1983 as well as related and applicable New York State Law claims.

**AS AND FOR THE FIRST COUNT**
**42 U.S.C. § 1983 EXCESSIVE FORCE, MALICIOUS PROSECUTION, ABUSE OF PROCESS AND FALSE ARREST**

51. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1-50 of this Complaint with the same force and effect as though fully set forth herein.

52. Plaintiff was wrongfully detained by DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI and SERGEANT MOCHOW, by the targeted treatment abusing Plaintiff as an non-binary person and engaging in abusing language and use of violent and injurious force against them as a gender neutral person and having no reluctance in doing so on account of their identity.

53. On or about August 5th, 2024, plaintiff was placed in fear of their life, falsely seized, falsely detained and subjected to excessive and unreasonable use of force and unlawful search and seizure by DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW

and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5's.

54. On or about August 5th, 2024 and after, Plaintiff was placed in fear of their bodily security and integrity and life, falsely arrested, falsely seized, detained, and held for an unreasonable period of time against their will without justification, explanation or rationale for such detention from the DEFENDANTS after having deprived plaintiff of liberty rights, freedom of speech, freedom to assemble, privileges and immunities secured by the First and Fourteenth Amendments to the United States Constitution.

55. On or about August 5th, 2024, while being accosted, Plaintiff was subject to excessive and unreasonable force, which was demeaning and harmful. As a direct consequence of the actions of DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5, acting in furtherance of their duties as agents of COUNTY and NCPD, Plaintiff suffered injuries including but not limited to pain, suffering, fear, economic loss, stigmatization, embarrassment and harassment, loss of liberty and the infringement of their rights guaranteed to them under the United States Constitution.

56. On or about August 5th, 2024, while being accosted subjected Plaintiff fear, mental injury, loss of function, loss of freedom, loss of use of body parts and other serious injuries, which they knew would be a likely outcome of their action and were indeed the outcomes and injuries that DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW AND POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 caused.

57. On or about August 5th, 2024, while being detained DEFENDANTS SIMONETTI and

KOEHLE grabbed, yanked, pulled, lifted, and otherwise subjected Plaintiff to excessive and unreasonable force which caused injuries not limited to: Traumatic Brain injury, Concussion, Plaintiff's neck, bruising under the chin, injuries to Plaintiff's legs and knees, being manhandled during the unlawful abuse, dehydration, physical pain, embarrassment, mental pain and suffering, emotional distress, incarceration, being subjected to the abusive acts of DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5, loss of liberty, medical treatment, surgery, rehabilitation, embarrassment, mental pain and suffering, damage to name and reputation, legal fees and costs, medical costs/fees, and other monetary damages.

58.   Upon information and belief, such seizure, use of force, abuse both physical and verbal, was ordered and was carried out by COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER PAUL SIMONETTI, POLICE OFFICER KOEHLE, OFFICER ADAMSKI, SERGEANT MOCHOW AND POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5's .

59.   DEFENDANTS, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from the COUNTY and NCPD failed to take any action to prevent this unlawful behavior by the DEFENDANT SIMONETTI.

60.   Upon information and belief, such seizure, arrest, and assault was ordered, condoned, and authorized by the COUNTY DEFENDANTS and DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE

OFFICERS JANE DOES 1-5 from NCPD with a callous, deliberate indifference to Plaintiff's known constitutional rights.

61.     As part of the abuses to which Plaintiff has been subjected by DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from NCPD Plaintiff has been seized, injured, forced to get medical treatment and made to be subjected to dangerous, comprising positions for an unreasonable time without, probable cause,  and caused them to be deprived of their liberty while exercising their First Amendment Rights, without due process, and was further exposed to disgrace, public humiliation and embarrassment.

62.     The DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from NCPD individually and collectively knew at the time of Plaintiff's seizure, and at all times thereafter, that they were not in possession of any evidence consistent with, and sufficient to allow them to use force against Plaintiff or otherwise verbally or physically abuse Plaintiff and that their actions were based solely, or in part on DEFENDANTS' targeted treatment abusing Plaintiff as a gender neutral person and in violation of Plaintiff's rights.

63.     DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from NCPD, acting under the color of the law, acted separately and in concert without authorization of law. DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from NCPD, separately and in concert with each other, acted willfully, knowingly and

purposefully with the specific intent to deprive Plaintiff of Plaintiff's right to freedom from excessive force, illegal seizure of their person and freedom from abuse verbally and physically. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth Amendment to the Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the 14th Amendment and by 42 U.S.C. § 1983.

64. Each of the defendants condoned the wrongful, grossly negligent , reckless, callous, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts.

65. COUNTY and NCPD and DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from NCPD through their actions violated the due process rights guaranteed to Plaintiff under the Fourteenth Amendment of the United States Constitution.

66. As a direct consequence of the actions of the collective DEFENDANTS, Plaintiff suffered serious injuries, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

67. Plaintiff was forced to incur great expenses due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing their name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

68.   DEFENDANT OFFICERS from the Nassau COUNTY Police Department failed to take any action to prevent this unlawful behavior by the DEFENDANT OFFICERS.

69.   Upon information and belief, such seizure, arrest, detention, and assault was ordered, condoned and authorized by the COUNTY DEFENDANTS and DEFENDANT OFFICERS, with a callous, deliberate indifference to Plaintiff's known constitutional rights.

70.   Upon information and belief, each DEFENDANT OFFICER took an active role in creating and manufacturing the allegations made against Plaintiff.

71.   As part of the false arrest, detention, and accusations, DEFENDANT OFFICERS caused Plaintiff to be seized, arrested, forced to get medical treatment and held in a dangerous, compromising position for an unreasonable time without, probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

72.   The DEFENDANT OFFICERS individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to establish his guilt and were based solely, or in part, on DEFENDANTS' discriminatory and violative actions.

73.   Each of the DEFENDANTS, acting under color of law, acted separately and in concert and without authorization of law. Each of the DEFENDANTS, separately and in concert with each other, acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from excessive force, illegal seizure of their person, freedom from illegal detention, and imprisonment.  All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth, Sixth and Fourteenth Amendments to the

Constitution of the United States, the Fourth Amendment, as well as the Equal Protection clause of the Fourteenth Amendment and by 42 U.S.C. § 1983. In addition, Plaintiff was denied access to an attorney at the time of their wrongful and abusive punishment and was subjected to summary punishment without providing any of the rights to which they were entitled including right to counsel.

74. None of the Defendants took action to prevent the wrongful actions taken against the Plaintiff causing false criminal proceedings to continue against the Plaintiff, abuse of process and retaliation for trying to exercise her right to speak on a matter of public speech.

75. Each of the Defendants condoned the wrongful, grossly negligent, reckless, callous, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts.

76. The Collective Defendants intentionally, recklessly and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff. Said criminal complaint was made by the aforementioned Defendants without research and investigation (of any kind) into the veracity and/or truthfulness of said complaint.

77. The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

78. Defendants POLICE OFFICERS did not file said criminal complaint as a result of actual knowledge that a crime was committed, determined through investigation and/or a simple rudimentary search, which was available to Defendants.

79. Instead, Defendants POLICE OFFICERS filed said false criminal complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff as punishment without lawful court order and to collect payment and various forms of restitutions from Plaintiff to which Defendants were not entitled.

80. Defendants subjected Plaintiff to the criminal justice system without just cause or reason. DEFENDANTS abused the criminal justice system in arresting, charging, prosecuting and conducting a public trial in attempt to satisfy their personal attempt to satisfy their personal goals and their own warped sense of power.

81. COUNTY and DEPARTMENT's motive for subjecting Plaintiff to false criminal process included but was not limited to a cover-up of their wrong doings, and to level their charges against Plaintiff in an effort to ensure that Plaintiff would be convicted and would not be able to pursue their rights in court for her false arrest. Defendants also intended to cripple Plaintiff financially by forcing his into submitting to restitution payments, and courts fees/fines - not because they knew or believed that Plaintiff committed any criminal acts.

82. The Defendants' clear intentions was to use the criminal justice system to cause harm to Plaintiffs without proper motive, excuse or justification of any kind.

83. Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiffs solely for a purpose that was/is outside the legitimate ends of the legal process.

84. Defendants COUNTY, POLICE OFFICERS and DEPARTMENT , with knowledge of the inaccuracy and/or falsity of said criminal complaints made by Defendant POLICE OFFICERS, and without any investigation and/or rudimentary query, intentionally, recklessly

and maliciously caused to be filed, said false, inaccurate, and/or misleading criminal complaint against Plaintiff.

85. The subsequent false arrest and malicious prosecution of Plaintiff was done by Defendants COUNTY, DEPARTMENT, and POLICE OFFICERS with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

86. Defendant POLICE OFFICERS did not initiate the arrest and prosecution of Plaintiff as a result actual knowledge that a crime was committed.

87. Instead, Defendant Officers searched, seized, harassed, annoyed, falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff with an ulterior purpose/motive to collect payments, and fees. Defendants were motivated by the intent to subject Plaintiff to the criminal system in order to force, coerce and justify restitutions, payments and fees from Plaintiff and to shield themselves from liability from the wrongful actions committed against Plaintiff.

88. Defendants' COUNTY, DEPARTMENT, POLICE OFFICERS, clear intention was to falsely arrest, and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

89. Defendants COUNTY, DEPARTMENT, POLICE OFFICER'S , use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent criminal and professional liability to Defendants and to obtain personal monetary returns).

90. As a direct consequence of the actions of POLICE OFFICERS , acting in furtherance of their

duties as agents of COUNTY and DEPARTMENT, Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to his under the U.S. Constitution.

91. As a direct consequence of the of the actions of the Collective DEFENDANTS, Plaintiff suffered, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

92. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney's fees, and any other relief this Court may find just and proper.

93. COUNTY and DEPARTMENT through their actions, violated the due process rights guaranteed to Plaintiff under the Fourteenth Amendment of the United States Constitution.

94. In falsely arresting, falsely imprisoning, abusing, detaining, coercing, threatening, intimidating and falsely charging Plaintiff, and denying Plaintiff his right to be free from unreasonable search and seizure from the DEFENDANTS, and each of them, knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein causing harm to Plaintiff.

95. As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, property damage, mental anguish and violations of rights from then until now and he will continue to so suffer in the future, having been greatly humiliated

and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

96.     That by reason of the foregoing, Plaintiff has been placed in fear of their safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to their quality of life, was deprived of their constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. §1983 - MUNICIPAL LIABILITY**

97.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 96 of this Complaint with the same force and effect as though fully set forth herein.

98.     Prior to August 5th, 2024 and since, the COUNTY OF NASSAU has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority by police officers of the NASSAU COUNTY POLICE DEPARTMENT as well as frustrating access to the Courts to the withholding the names of officers involved. Although such abuse of authority, and illegal use of force were improper, the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the use of force, and abuse of authority were justified and proper, and were protected by COUNTY and NCPD. As a result, COUNTY OF NASSAU, police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be assaulted or abused under circumstances not requiring the use of excessive force, and that such abuse and malfeasance would in fact be permitted by the DEFENDANT COUNTY OF NASSAU.

99. In addition to permitting a pattern and practice of improper abuse and malfeasance in DEFENDANT COUNTY OF NASSAU and by DEFENDANT POLICE DEPARTMENT, DEFENDANTS have failed to maintain a proper system of investigation of all incidents of unjustified abuse, malfeasance, and excessive use of force by the police officers.

100. According to the Civilian Complaint Reports created by the County of Nassau filed by and relating to concerning DEFENDANT COUNTY OF NASSAU and DEFENDANT POLICE DEPARTMENT, the various complaints on the DEFENDANT OFFICERS show findings through the IAU (Internal Affairs Unit) cases for the years of the reports. Note most of the IAU cases lead to no charge and very few substantiated. Many times a determination that a Complaint is unsubstantiated comes from the refusal to accept certain witnesses and videos. DEFENDANTS knew of these facts and at the time of this matter with Plaintiff did nothing to prevent this culture of lack of discipline and proper supervision of wrongful and violative acts by police officer from continuing.

101. DEFENDANT COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully beat, and abuse civilians, and/or abuse their authority, and/or use excessive force against them, and DEFENDANT COUNTY has failed to find that civilian complaints made against police officers are founded or valid in anyway. Therefore, DEFENDANT COUNTY is liable under 42 U.S.C. § 1983 because the DEFENDANT COUNTY had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United States Constitution, and because of the DEFENDANT COUNTY's ineffectual policy and custom for reviewing complaints of misconduct, the DEFENDANTS

SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 relied upon that flawed policy to continue their patterns of abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

102. DEFENDANTS COUNTY and NCPD have maintained a system of review of unjustified seizures, beatings, shootings, and excessive use of force by police officers that has failed to identify the improper uses of authority, and brutality by police officers, and has failed to subject officers who abused, beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of DEFENDANT COUNTY to tolerate the improper abuses of authority beatings, illegal arrests and other wrongful actions by police officers.

103. Further, the DEFENDANT COUNTY and DEFENDANT POLICE DEPARTMENT, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of DEFENDANT OFFICERS. The DEFENDANT COUNTY and DEFENDANT POLICE DEPARTMENT also refused and failed to prosecute DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5, and thereby improperly and in violation of the Plaintiff's rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter.

104. Upon information and belief, specific systemic flaws in the DEFENDANT COUNTY's brutality review process includes, but are not limited to, the following:

a.     Preparing reports regarding investigations of beatings and abuse incidents as routine

point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.   Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.   Police officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.   Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

e.   Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

105.   DEFENDANT COUNTY and POLICE DEPARTMENT have engaged in systematic official actions frustrating Plaintiff in preparing suit.

106.   Plaintiff in this action made a specific request to decision and policy makers of the Nassau County to "Please provide us with the names of each of the officers, supervisors and other personnel present at the scene of the incident on August 5th."

107.   Plaintiff has made verbal and written requests for the names of JANE and JOHN DOES officers and those have gone without response. To date, DEFENDANTS have not identified

officers JANE (1-5) and JOHN(1-10) DOES present in the scene on August 5th, 2024.

108. The foregoing acts, omissions, systemic flaws, policies and customs of the DEFENDANT COUNTY and POLICE DEPARTMENT caused the DEFENDANT OFFICERS to believe that the brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary or reasonable.

109. As a direct consequence of the actions of the Collective DEFENDANTS, Plaintiff suffered delay in filing and identification of the individual DEFENDANTS, serious injuries, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

110. Plaintiff was forced to incur great expense due to the filing if this Complaint for attorney's fees, investigation expenses, and other expenses in clearing their name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

111. That by reason of the foregoing, Plaintiff has been placed in fear of their safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to their quality of life, was deprived of their constitutional rights and has been damaged in sum in excess of Five Million($5,000,000.00) Dollars.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § - DUE PROCESS AND DENYING BODILY INTEGRITY**
**FIFTH AND FOURTEENTH AMENDMENTS**

112. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 111 of this Complaint with the same force and effect as though fully set forth herein.

113. The acts of DEFENDANT COUNTY and NCPD, DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5, subjecting Plaintiff to the abuse occurred without any process being afforded to Plaintiff and they were denied any opportunities granted by the Fifth and Fourteenth Amendment.

114. Under the color of the law, there was no opportunity afforded to Plaintiff, to report the abuses transpired against them by DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5, after they were forcefully and wrongfully removed from a legislative meeting and man-handled and caused significant injury to their neck, bruising under the chin, injuries to their legs and knees and being man-handled during the unlawful abuse, dehydration, physical pain, embarrassment, mental pain and suffering, emotional distress, incarceration, being subjected to the abusive acts of DEFENDANTS. Even though DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 conduct was seen and reviewed by Nassau County governmental and Police officials, there was no avenue for due process to be afforded in response to DEFENDANTS SIMONETTI, KOEHLE,

ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5's abusive and unreasonable actions.

115. Due to the lack of opportunity for due process, Plaintiff had no choice but to endure the violation of their civil rights and physical abuses of DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 against Plaintiff.

116. Even after Plaintiff reported the violations of Plaintiff's rights by DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 to DEFENDANT COUNTY and NCPD, Plaintiff was still denied their right to due process by Internal Affairs making any determination after a year.

117. As a direct consequence of the actions of the Collective DEFENDANTS, Plaintiff suffered serious injuries, loss of time from work, loss of freedom, loss of quality of life, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of benefits and other financial impairments.

118. Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing Plaintiff's name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

119. That by reason of the foregoing, Plaintiff has been placed in fear of Plaintiff's safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was

deprived of access to Plaintiff's quality of life, was deprived of Plaintiff's constitutional rights and has been damaged in sum in excess of Five Million($5,000,000.00) Dollars.

## AS AND FOR A FOURTH COUNT
## 42 U.S.C. § 1983 - FAILURE TO INTERVENE

120.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 119 of this Complaint with the same force and effect as though fully set forth herein.

121.    DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from COUNTY and NCPD knew or should have known that the use of unreasonable force and excessive force against Plaintiff violated the Plaintiff's rights, guaranteed to them under the First, Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983.

122.    Each of the said DEFENDANTS had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful unreasonable and use of excessive force against the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

123.    DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from the DEFENDANT COUNTY and NCPD failed to stop these wrongful actions, which constitutes a breach of their duty to do so under 42 U.S.C. § 1983.

124.    DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 from the

DEFENDANT COUNTY and NCPD knew or should have known that the fabricated accusations against, and physical abuse of the Plaintiff were violative of their Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

125.    Said DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 had and continued to have the power to prevent the continued due process violations against Plaintiff yet they failed to prevent or to protect the Plaintiff from the unwarranted and potential injuries arising from that treatment.

126.    DEFENDANT COUNTY and NCPD's exoneration of and refusal to discipline the DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 for their misconduct against Plaintiff is neglectful of their duty to prevent the further violation of Plaintiff's rights to compensation under 42 U.S.C. § 1983 and the State Law claims, with such violation occurring as a result of said officers being improperly allowed to engage in their wrongful acts and essentially being cleared of any wrongdoing, despite substantial physical evidence to the contrary.

127.    As a direct and proximate result of the aforesaid acts of the DEFENDANTS, Plaintiff suffered great physical harm, mental anguish, property damage, and violations of rights from then until now and he will continue to so suffer in the future, having greatly humiliated and mentally injured, as a result of the foregoing acts of the DEFENDANTS.

128. Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing their name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

129. That by reason of the foregoing, Plaintiff has been placed in fear of their safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of their constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**AS AND FOR AN FIFTH COUNT**
**FALSE ARREST (PENDENT STATE CLAIM)**

130. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 129 of this Complaint, with the same force and effect as though fully set forth herein.

131. On or about the 5th day of August 2024 in the DEFENDANT COUNTY, NCPD, DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 intentionally, falsely, unlawfully and wrongfully, with force and without Plaintiff's consent and against their will, assaulted, battered, and falsely seized Plaintiff by grabbing, yanking, lifting and abusing Plaintiff and depriving them of their liberty.

132. Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing their name against the unfounded

and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

133. That by reason of the foregoing, Plaintiff has been placed in fear of their safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of their constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A SIXTH COUNT
### NEGLIGENCE

134. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 though 133 of this Complaint with the same force and effect as though fully set forth herein.

135. The COUNTY, POLICE DEPARTMENT and DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 had a duty under New York Common Law, 42 U.S.C. §1981, 1983, as well as under the First, Fourth, Fifth, and Fourteenth Amendment, and under New York State Law and their own rules and regulations, prevent and cease the wrongful use of excessive and unreasonable force, false arrest, verbal and physical abuse, as well as duty to investigate, supervise and discipline DEFENDANTS OFFICERS and prevent other wrongful that were committed against Plaintiff.

136. In actively inflicting and failing to prevent the above stated abuses suffered by Plaintiff, all the DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the

slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal seizure, and other violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §1981, 1983, and the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution.

137.   The breach of duty in New York and under 42 U.S.C. § 1983 by COUNTY, POLICE DEPARTMENT, and DEFENDANT OFFICERS was a direct and proximate cause of the pain suffered by Plaintiff.

138.   Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing their name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

139.   That by reason of the foregoing, Plaintiff has been placed in fear of their safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of their constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A SEVENTH COUNT
## ASSAULT and BATTERY (PENDENT STATE CLAIM)

140.   That Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 139 of this Complaint, with the same force and effect as though fully set forth herein.

141.   During all times mentioned herein, the DEFENDANTS SIMONETTI and KOEHLE engaged

in the illegal conduct herein mentioned to the injury of Plaintiff and deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and the laws of the State of New York, as pendant claims.

142.    That on said date DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 accosted Plaintiff and brutally assaulted Plaintiff without any justification, provocation and assaultive gestures on Plaintiff's part, and despite the fact that the plaintiff had committed no crime or broken any law, which they were charged with, DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 detained and seized and abused Plaintiff with no probable cause.

143.    The DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 visited unwanted, offensive and harmful physical contact upon the Plaintiff, with the intention of causing harm to Plaintiff.

144.    DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 did cause physical injuries and harm to Plaintiff by grabbing, yanking, lifting, pushing and man-handling and otherwise assaulting Plaintiff with their hands and bodies.

145.    The Plaintiff did not in any way provoke or instigate such attacks, and did not create any threat of harm to the DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT

MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5.

146. Although DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 acted contrary to the law, they continued their shocking and unjustifiable conduct.

147. Upon information and belief, said physical abuse and punishment were ordered by, carried out by, and condoned by DEFENDANT COUNTY its agents and employees, who were acting within the course or scope of their employment.

148. That as a result of said physical and mental abuse, the Plaintiff sustained damages and injuries, including but not limited to, personal injuries to their body, violation of civil rights, loss of income, loss of comfort, support and companionship, extreme mental and emotional harm and stress, impairment of earning power and other injuries not yet fully ascertained.

149. Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing their name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

150. That by reason of the foregoing, Plaintiff has been placed in fear of their safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of their constitutional rights and has been damaged in the sum in excess of Five Million ($5,000,000.00) Dollars.

**AS AND FOR A EIGHTH COUNT**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(PENDENT STATE CLAIM)**

151. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 though 150 of this Complaint with the same force and effect as though fully set forth herein.

152. The DEFENDANT COUNTY and DEFENDANT OFFICERS acted outrageously for their above-stated roles in the wrongful seizure, use of force, verbal abuse, intimidation and public humiliation of the Plaintiff.

153. Said emotional harm was exacerbated by the continued verbal abuse and taunting of the Plaintiff, which was known by DEFENDANTS COUNTY and DEFENDANT OFFICERS to be without basis. Yet DEFENDANTS continued to taunt and use abusive language they knew was intended to cause extreme further harm, distress and duress to Plaintiff.

154. The DEFENDANTS knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

155. Plaintiff was forced to incur great expense due to the filing of this Complaint for attorney's fees, investigation expenses, and other expenses in clearing their name against the unfounded and unwarranted allegations by the DEFENDANTS, which have been a serious burden on Plaintiff.

156. That by reason of the foregoing, Plaintiff has been placed in fear of their safety, life, suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt and has been exposed to disgrace, public humiliation and embarrassment, was deprived of access to her quality of life, was deprived of their constitutional rights and has been damaged in the

sum in excess of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A NINTH COUNT

## §1983 FABRICATION OF EVIDENCE

157. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 156 of this Complaint with the same force and effect as though fully set forth herein.

158. DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 took an active role in creating and manufacturing the allegations made against PLAINTIFF in an intentional attempt to mask and coverup their wrongful actions and abuses of PLAINTIFF. DEFENDANTS abused the Legal system and process for their own benefit and self interest. With the complicity of COUNTY and NASSAU COUNTY POLICE DEPARTMENT, DEFENDANTS maliciously prosecuted PLAINTIFF using fabricated evidence.

159. DEFENDANTS knew at the time of PLAINTIFF's arrest, and at all times since then, that they were not in possession of any evidence consistent with and sufficient to establish their guilt and were based solely, or in part, on DEFENDANTS' disregard and discriminatory and violative actions due in part or in whole to deprive PLAINTIFF of their right to freedom from malicious prosecution as a result of fabricated evidence furnished by DEFENDANTS.

160. Each of the DEFENDANTS acting under color of law, acted separately and in concert and without authorization of law. Each of the DEFENDANTS, separately and in concert

with each other, acted negligently, recklessly, carelessly, callously, knowingly, willfully, wantonly, intentionally, and purposefully with specific intent to deprive PLAINTIFF of their right to freedom from malicious prosecution as a result of fabricated evidence furnished by DEFENDANTS. All of these rights are secured to PLAINTIFF by the provisions of the due process clause of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by 42 U.S.C. § 1983.

161. DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 fabricated statements against Plaintiff in an attempt to cover up their own inaptitude and create a rationale for their abuse of Plaintiff and the liberty deprivation to which they were subjected.

162. The criminal allegations, which were false, formed the sole basis for Plaintiff's prosecution. As a consequence of Defendants' wrongful actions, negligent behavior, and violation of federal laws, Plaintiff was deprived of their freedom, made to suffer injuries, and subjected to great fear, terror, personal humiliation, and degradation. Plaintiff continues to suffer mental and emotional distress, as well as physical pain as a result of the aforesaid unlawful conduct of the Defendants.

163. In doing so, Defendants acted, filed the charges, and used the those charges without excuse of justification in order to obtain a collateral objective that was outside the legitimate ends of the process and caused serious and unjustifiable harm to Plaintiff.

164. That by reason of the foregoing, Plaintiff has been damaged in a sum greater than five million ($5,000,000.00) dollars, as well as punitive damages, costs, and attorney's fees.

**AS AND FOR THE TENTH COUNT**

**§1983 VIOLATION OF FREEDOM OF SPEECH & RIGHT TO ASSEMBLY**

165.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 164 of this Complaint with the same force and effect as though fully set forth herein.

166.   DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5, acting under color of law, collectively and individually have engaged in actions and abuses which have deprived plaintiff of liberty rights, due process, freedom of speech, privileges and immunities secured by the First and Fourteenth Amendments to the United States Constitution and laws in violation of 42 U.S.C. § 1983.

167.   Plaintiff was lawfully exercising her clearly established First Amendment rights by attending a legislative meeting with intentions of representing herself, individually, to make a public statement to the seated legislature. Without interfering with the schedule and scope of the meeting, was there any indication that Plaintiff would be physically removed from the premises when they calmly rose from their seat to utilize the recess called by the seated legislature.

168.   Defendants NCPD and COUNTY are engaged in policies, practices, and/or customs of permitting unlawful discrimination, retaliation, and selective enforcement, and allowed and continue to allow officers of Defendant NCPD to violate individuals' rights while protecting them from the just repercussions of their actions.

169.   Plaintiff was not obstructing the legislative meeting because officers of Defendant NCPD

were responding to an 'unruly speaker' which DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 wrongfully identified as Plaintiff and proceeded to violate Plaintiff's clearly established First Amendment rights to assembly.

170. The 'unruly speaker' that the created the disturbance for the DEFENDANT OFFICERS to respond to the meeting was never detained in the same abuse that Plaintiff endured.

171. Plaintiff was wrongfully arrested by Defendant SIMONETTI and other personnel of Defendant NCPD without probable cause. Plaintiff was arrested for no other reason than Plaintiff's protected speech and protected right to assembly, as DEFENDANTS SIMONETTI, KOEHLE, ADAMSKI, SERGEANT MOCHOW and POLICE OFFICERS JOHN DOES 1-10, POLICE OFFICERS JANE DOES 1-5 were secure in the knowledge that Defendants NCPD and COUNTY would protect them from any repercussions of their unlawful arrest of Plaintiff.

172. By reason of the foregoing, Plaintiff suffered and continues to suffer severe physical and emotional damages, distress, pain, suffering, and potential loss of employment, exposure to disgrace and embarrassment, and deprivation of their constitutional rights and has been damaged in excess of five million ($5,000,000) dollars, including the cost of this action, attorney's fees pursuant to 42 U.S.C. § 1988, and punitive damages.

173. Further, Plaintiff and others similarly situated will continue to suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs.

**WHEREFORE**, the Plaintiff demands judgment against the DEFENDANTS:

a)      On the First Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

b)      On the Second Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

c)      On the Third Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

d)      On the Fourth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

e)      On the Fifth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

f)      On the Sixth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

g)      On the Seventh Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

h)      On the Eighth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

I)      On the Ninth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

j)      On the Tenth Cause of Action in the sum in excess of Five Million ($5,000,000.00) Dollars;

k)      Punitive damages in the sum in excess of Ten Million ($10,000,000.00) Dollars;

l)      Declaratory Judgment that defendants willfully violated Plaintiff's rights secured by federal and state law as alleged herein;

m)      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin DEFENDANTS from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

n)      Award such other and further relief as this Court may deem appropriate, including

costs and attorney's fees, pursuant to 42 U.S.C. §1988.

**A JURY TRIAL IS HEREBY DEMANDED**.

Dated: Hempstead, New York
      November 3, 2025

                    LAW OFFICES OF
                    FREDERICK K. BREWINGTON

                    By: *Frederick K. Brewington*
                    FREDERICK K. BREWINGTON
                    *Attorneys for Plaintiff*
                    556 Peninsula Boulevard
                    Hempstead, New York 11550
                    (516) 489-6959